Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1422 | **DATE** | 9/20/2000 |
| **CASE TITLE** | Michael Lowe vs. Cook County Circuit Court Clerk | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (9-1) is denied in part and granted in part. Plaintiff's motion to strike defendant's motion to dismiss (14-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | SEP 22 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 SEP 21 AM 8:33 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 9/20/2000 date mailed notice |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials |

Document Number: 19

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL LOWE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)　　No. 00 C 1422
　　　　　　　　　　　　　　　　　　　)
COOK COUNTY CIRCUIT COURT CLERK,　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　SEP 22 2000
　　　　　　Defendant.　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Pro se plaintiff Michael Lowe, an African American male, brought a complaint against the Cook County Circuit Court Clerk[1] pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. § 2000(e) *et seq.* He alleges claims of racial discrimination, retaliation and harassment under Title VII, based on the denial of promotions, unfair discipline, and the denial of tuition reimbursements, as well as supplemental claims of defamation, intentional infliction of emotional distress and breach of contract in violation of the collective bargaining agreement ("CBA") between the union of which plaintiff is a member, and the defendant. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and

---

[1] Plaintiff repeatedly refers to his supervisor, Rose Rossi, in the body of his complaint, and alleges that she is responsible for a number of the adverse employment actions he claims took place. Rossi is an associate clerk at the Cook County Circuit Court Clerk's Office. Plaintiff does not name her as a defendant in either her official or individual capacity. Because plaintiff names only the Clerk as defendant, we conclude that he is suing only the Clerk's Office as an agency, and no individuals associated with that office.

failure to state a claim on which relief may be granted. As explained below, we grant in part and deny in part the motion.[2]

## BACKGROUND

Plaintiff began working for defendant on October 16, 1986, and currently works at the Cook County Circuit Court Clerk's Office as a Data Operator III-Grade 11. Eight years ago, plaintiff began working under Rose Rossi ("Rossi") in the Management Information System ("MIS") Department. According to plaintiff, the alleged discrimination and retaliation began during Rossi's supervision and continued thereafter. On April 29, 1999, Plaintiff filed his first charge with the Equal Employment Opportunity Commission ("EEOC") against defendant alleging that he had been discriminated against based on his race. On March 2, 2000, Plaintiff filed another charge with the EEOC, this time alleging a claim of retaliation. He received right to sue letters from the EEOC based on both of these charges.

The thrust of plaintiff's complaint is that he is the subject of ongoing discrimination because he was repeatedly passed over for promotions, denied tuition reimbursements and harshly punished for mistakes that are allegedly not his fault, all because of his race. Plaintiff additionally claims that defendant's actions are not only discriminatory, but also defamed him, caused him severe emotional distress and embarrassment, and resulted in breach of contract.

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(1) and 12(b)(6) is to test the sufficiency of the complaint, not decide the merits of the case. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In considering a motion to dismiss, we must

---

[2]Plaintiff's response to defendant's motion was originally filed as a motion to strike defendant's motion to dismiss. We denied plaintiff's motion to strike and treated it as his response to the motion. Later, plaintiff amended the title of his response to indicate that it was in fact, a response to defendant's motion to dismiss.

accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). We should not grant a motion to dismiss unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

Because plaintiff is appearing pro se, we construe his complaint liberally at this stage. *See Mallett v. Wisconsin Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997). Plaintiff's complaint contains two counts, the first for discrimination and the second for retaliation; both of these charges were filed with the EEOC. Although he does not contain them in formal counts, throughout his pleadings plaintiff also informally alleges other claims such as harassment, in addition to allegations which amount to the state law claims described above. He also makes some arguments and claims in his response that were not included in his complaint, all of which the defendant addresses in its motion to dismiss. We may consider the allegations made in both his complaint and his response in determining whether to grant the motion to dismiss. *See Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992) (indicating that the court may look to other materials filed by a pro se plaintiff to evaluate the sufficiency of the complaint).[3] With the above authorities in mind, we assess plaintiff's disjointed complaint in light of defendant's expansive interpretation of plaintiff's claims, and not simply by his 2-count amended complaint.

---

[3] In its reply, defendant argues that plaintiff makes factual allegations in his response not pleaded in his amended complaint and cites cases referring to rule 12(b)(6) which say that the court may not look to materials beyond the pleading itself. (Def. Resp. citing *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996) and *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). While this is a correct statement of the law, the Seventh Circuit has said that in the case of a pro se plaintiff, other allegations filed with the court in papers other than the complaint, can be considered in evaluating the sufficiency of the complaint. *See e.g., Swofford*, 969 F.2d at 549; *Dausch v. Rykse*, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994).

We first consider defendant's argument that the contents of certain paragraphs and the claims relying on such paragraphs must be dismissed because they are barred by the statute of limitations for filing a Title VII charge with the EEOC. The statute of limitations for filing a Title VII charge with the EEOC is 300 days. 42 U.S.C. §2000e-5(e). Any alleged acts of discrimination which occur more than 300 days prior to the date on which a plaintiff files his EEOC charge are time-barred. *Galloway v. General Motors Serv. Parts Operations*, 78 F.3d 1164, 1165-66 (7th Cir. 1996). Because plaintiff filed his first complaint with the EEOC on April 29, 1999, (See 2d Am. Compl. ¶ 2), defendant argues that plaintiff cannot bring his complaint based on any acts that took place prior to July 3, 1998.[4]

Some of the incidents plaintiff refers to in his complaint and his response occurred more than 300 days prior to the filing of his EEOC claims, and defendant argues that they are therefore, untimely. Plaintiff responds to defendant's argument of untimeliness by characterizing these paragraphs as "included for <u>reference only</u> in order to inform . . . this Court of the consistent pattern of discrimination that has been directed at him as an individual." (Pl. Am. Resp. ¶ 21). Taking his pleadings as true, as we must at this stage, we conclude that plaintiff includes incidents well outside of the limitations period simply as evidence of the discrimination he eventually claimed, while not intending to allege that he is entitled to recover for those acts. We note that

---

[4]Defendant also argues that any claims the plaintiff wants heard by the district court must first have been made to the EEOC and any claims falling outside the scope of plaintiff's EEOC charges may not be included. (See Motion to Dismiss, p. 10-11). However, a lawsuit concerning Title VII charges may include claims that reasonably relate to or grow out of the original charges. *See McKenzie v. Illinois Dept. of Transportation*, 92 F.3d 473, 481 (7th Cir. 1996). The correct rule to follow "in construing EEOC charges for purposes of delineating the proper scope of a subsequent judicial inquiry is that the complaint in the civil action may properly encompass any discrimination like or reasonably related to the allegations of the charge and growing out of such allegations." *Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1194 (7th Cir. 1992). Because we find ¶¶ 10, 11 and 30 (which encompass complaints of discrimination in the form of being passed over for promotion as well as harassment and embarrassment) reasonably relate to plaintiff's EEOC charges of discrimination and retaliation, we refuse to dismiss these paragraphs.

4

acts not made a basis of a timely charge can always be relevant background evidence in proceeding on other claims not barred by the 300 day statute. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889 (1977). Accordingly, defendant's motion to dismiss paragraphs 7, 8, 12, 25, and 27 and all claims relying on the allegations contained in those paragraphs is denied.

As for defendant's next argument that plaintiff fails to state a cause of action for racial discrimination, in reading plaintiff's complaint in the light most favorable to him as we must on a motion to dismiss, *see Hi Lite Prods. Co. v. American Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993), we find that he successfully alleges this cause of action. Defendant argues that plaintiff failed to make out a prima facie case for discrimination because he failed to adequately plead all four elements necessary to complete the claim. To state a cause of action for race discrimination, plaintiff must allege: 1) he belongs to a protected group; 2) he performed his job satisfactorily; 3) he was subjected to an adverse employment action; and 4) similarly situated employees received more favorable treatment. *See Johnson v. City of Fort Wayne, Indiana*, 91 F.3d 922, 931 (7th Cir. 1996).

There is no question that plaintiff satisfies the first two elements necessary to make a claim for racial discrimination. However, defendant argues that plaintiff fails to meet the third and fourth requirements with regard to plaintiff's promotion allegations and that plaintiff fails to meet the fourth requirement for his claim regarding disciplinary actions. We find that plaintiff's pleadings sufficiently allege both elements for the purpose of a motion to dismiss. With regard to his promotion claim, plaintiff alleges that his job description does not accurately reflect his skill and knowledge and that those skills necessary for his receiving a promotion are intentionally omitted from his job description, preventing him from advancing. Plaintiff states that he "works without a true job description, true title, true grade or salary unlike Dennis Anton, Barbara Horodecki and

5

Donna Centers even though he performs the identical core tasks." (Pl. Am. Resp. ¶ 22). The co-workers mentioned by plaintiff are all white and allegedly have accurate job descriptions and all allegedly received various promotions. (Pl. Am. Resp. ¶ 22).

With respect to the claims regarding disciplinary actions, plaintiff alleges that fellow workers, whom he alleges are similarly situated, received more favorable treatment. (Pl. Am. Resp. ¶ 22). To show another employee is similarly situated, plaintiff must show that the "employment circumstances of the compared employees are similar in all relevant aspects," and that their positions are similar or comparable. *Kause v. The Alberto-Culver Co.*, 2000 WL 875742, *7 (N.D.Ill) (citing *United States Equal Employment Opportunity Commission v. Foster Wheeler Constructors, Inc.*, 1999 WL 528196, *6 (N.D. Ill)). In addition, we must note that an employer cannot protect itself against claims of racial discrimination simply by designating different job titles to each of its employees. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 743 (7th Cir. 1999).

Plaintiff alleges that in fact, his job responsibilities and qualifications are comparable to the other people in his division. He states that tasks performed by all the members of his department are basically the same. (Pl. Am. Compl. ¶ 15). He also claims in his response that because of his race he was disciplined in a harsher manner than his co-workers; he offers a statement made by a co-worker indicating that there was a "double standard". (Pl. Am. Resp. ¶ 10). Because it is possible that plaintiff could prove both that he was subjected to an adverse employment action and that similarly situated employees received more favorable treatment, we will not dismiss his race discrimination claim at this time. If plaintiff is later unable to present evidence of racial discrimination, his claim may be disposed of on a motion for summary judgment.

To state a claim for retaliation under Title VII, plaintiff must allege: 1) he participated in a protected activity or opposed an activity made unlawful under Title VII; 2) he suffered an adverse employment action; and 3) there is a causal connection between the adverse employment action

and his participation or opposition. *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1035 (7th Cir. 1998). Plaintiff claims that a 5-day suspension and the denial of his tuition reimbursement were retaliatory acts taken by defendant after plaintiff filed his April 29, 1999 EEOC charge. Defendant argues that plaintiff has failed to meet the third element needed to state a cause of action for retaliation. In order to show a causal link, plaintiff must show that defendant would not have taken the adverse action "but for" the protected expression or opposition. *McKenzie v. Illinois Dept. of Transportation*, 92 F.3d 473, 483 (7th Cir. 1996). In addition, a substantial lapse in time between the protected activity and the alleged adverse action is "counter-evidence of any causal connection." *Johnson v. University of Wisconsin-Eau Claire*, 70 F.3d 469, 480 (7th Cir. 1995).

There is no indication from plaintiff's pleadings that "but for" his filing the EEOC charge, defendant would not have served him with a suspension or denied him his tuition reimbursement. In fact, quite the opposite is true. Previous to his filing the charge with the EEOC, defendant served plaintiff with two suspensions and denied him reimbursement as well, and both actions were taken with no EEOC charge pending. Plaintiff argues that defendant forged his tuition reimbursement form and that one of his suspensions was illegal, but alleges no facts indicating that these actions were in response to his filing a claim with the EEOC. We must also consider that there was a nine month span of time between the time in which plaintiff filed his EEOC claim, and the time he was both served the suspension and denied his tuition reimbursement. Plaintiff argues in his response that "[d]efendant's untruth is the causal link showing that the explanation defendant gave to plaintiff when denying his tuition reimbursement request in January 2000 was false, and that the real reason was discriminatory retaliation." (Pl. Am. Resp. ¶ 24). While we attempt to be liberal with plaintiff here, we find that he has failed to allege sufficient facts to show acts of retaliation by defendant. Accusing defendant of making a false statement regarding the

7

reason for an allegedly adverse action is not enough to satisfy the requirements of a retaliation claim. Therefore, we grant defendant's motion to dismiss plaintiff's retaliation claim.

Defendant also argues that plaintiff's claim of harassment should be dismissed because it is insufficient to support a claim of a racially hostile work environment. Title VII prohibits an employer from engaging in racial harassment that creates a hostile or offensive working environment. *Johnson v. City of Fort Wayne, Indiana*, 91 F.3d at 938. The Seventh Circuit applies both an objective and subjective standard in determining whether a working environment is hostile or offensive. *Daniels v. Essex Group, Inc.*, 931 F.2d 1264, 1271 (7th Cir. 1991). Title VII ensures that every employee has the right to work free from intimidation, ridicule and insult. *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 673 (7th Cir. 1993).

Defendant argues that there is insufficient evidence to show that the work place was permeated with discriminatory intimidation, ridicule or insult, and we agree. In this case, plaintiff alleged that defendant disciplined him unfairly, discouraged him from continuing his education, and gave him no positive feedback, recognition or support because of his race. Plaintiff bases his claim on his allegations that defendant continually passes him over for promotions, denies him tuition reimbursements, and fails to provide him with a job description. He alleges the use of "offensive language calling him negligent," and that "comments are exaggerated and derogatory with negative racial overtones," and that defendant "unjustly and unfairly accuse[s] him." (Pl. Am. Compl. ¶¶ 21, 28). However, he fails to allege, for example, that any slurs or overtly race-related conduct were directed at him, nor does plaintiff make any specific allegations of harassing conduct. He also fails to indicate what the "offensive language" was, what the "comments" were, or of what he was "unjustly" accused. He presents no allegations indicative of intimidation, ridicule or insult. Even under the liberal pleading standards we apply at this stage, we find that plaintiff fails to allege sufficient facts to survive a motion to dismiss his harassment claim. *See*

*e.g., Johnson*, 91 F.3d at 938 (finding incidents of alleged disparate treatment did not rise to the level of a racially hostile working environment in light of the fact that the allegations did not fit neatly into the traditional analysis of hostile work environment claims); *Woods v. Bertelsmann Music Group*, 1999 WL 699497, *5 (7th Cir. 1999) (finding no cause of action for harassment where plaintiff did not allege she was the subject of intimidation, ridicule or insult but rather, maintained that the totality of the employer's discriminatory conduct was so oppressive as to constitute a hostile work environment). Therefore, we grant defendant's motion to dismiss plaintiff's claim of harassment.

Defendant next moves to dismiss plaintiff's claim for punitive damages. Punitive damages are not available against the government, a government agency, or political subdivision. 42 U.S.C. § 1981a(b)(1); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). Punitive damages are only available from individual defendants who are sued in their individual, not official governmental capacities. *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). While plaintiff mentions a number of individuals in his complaint, he names only the Cook County Circuit Court Clerk as defendant. He does not even name any individuals in their official capacity. Because plaintiff may not recover punitive damages from a government agency, and he makes no allegations against any individual defendants in their individual capacities, we dismiss his claim for punitive damages.

Finally, defendant argues that plaintiff's allegations of intentional infliction of emotional distress, breach of contract and defamation of character must be dismissed because they are barred by the Eleventh Amendment. We agree. We dismiss these claims because we find that the Eleventh Amendment doctrine of sovereign immunity applies.[5] The Supreme Court and the

---

[5] Because we dismiss the three state law claims on sovereign immunity grounds, we do not need to consider defendant's alternative arguments that plaintiff lacks standing to bring a claim for violation of the collective bargaining agreement and that plaintiff's claim of intentional infliction of emotional distress is barred by the Illinois Workers' Compensation Act ("IWCA") and preempted by the Illinois Human Rights Act ("IHRA").

Seventh Circuit have held that the Eleventh Amendment bars an action in federal court against a state, its agencies, or its officials in their official capacity unless the state consents to suit in federal court. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). Counties and municipalities do not enjoy the immunity which shields states or state agencies. *Ruehman v. Sheahan*, 34 F.3d 525, 528 (7th Cir. 1994). While plaintiff is suing the County Clerk's Office, according to the Illinois Supreme Court, the Cook County Clerk's Office is a member of the state government and not the county. *See Drury v. McLean County*, 89 Ill. 2d 417, 424. Therefore, any suit against defendant for claims governed by state law is barred in federal court because the state, here, the state agency, has not consented to suit in federal court. We dismiss plaintiff's claims for intentional infliction of emotional distress, breach of contract, and defamation.

To summarize, we deny defendant's motion to dismiss plaintiff's claims because they are barred by the statute of limitations and we deny defendant's motion to dismiss plaintiff's claim of discrimination. We grant defendant's motion to dismiss plaintiff's claims for harassment, retaliation, punitive damages, and his state law claims of intentional inflicition of emotional distress, breach of contract, and defamation of character. It is so ordered.

_____
Marvin E. Aspen, District Court Judge

Dated: 9/20/00